No. 748          October 23, 2024          599

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of C. A. B.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

D. B.,
*Appellant.*

Lincoln County Circuit Court
23JU05951; A184010

Amanda R. Benjamin, Judge.

Argued and submitted September 11, 2024.

Gabe Newland, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Shannon Storey, Chief Defender, Juvenile Appellate Section, Office of Public Defense Services.

Jon Zunkel-deCoursey, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Mooney, Presiding Judge, Lagesen, Chief Judge, and Hellman, Judge.

LAGESEN, C. J.

Affirmed.

**LAGESEN, C. J.**

Father appeals a judgment taking dependency jurisdiction over his daughter, C. He contends that the juvenile court erred in concluding that C's "conditions or circumstances are such as to endanger [her] welfare" so as to permit dependency jurisdiction under ORS 419B.100(1)(c). Specifically, he argues that, as of the time of the hearing, it was not inferable that C was endangered, in view of the fact that the Department of Human Services (DHS) had placed C in the care of father's sister, thereby eliminating the risks posed to C by the conduct of both mother and father.

Having reviewed the record, we disagree. At the jurisdictional hearing, both mother and father disputed that C had been at risk in while in their direct care, although the record amply supports the conclusion that she was. The circumstances here resemble those in *Dept. of Human Services v. S. J.*, 329 Or App 723, 542 P3d 727 (2023), a case in which we concluded that the risk to child remained where the child's safe placement with a relative had been arranged by DHS. As was the case in *S. J.*, the fact that C was being safely cared for by her paternal aunt by the time of the hearing does not, in and of itself, demonstrate that C was no longer at risk on this record. DHS, not parents, arranged that placement, and parents did not recognize the risks to C posed by their conduct while she was in their care. Moreover, C's aunt did not testify at the hearing, making it difficult to infer that she would continue to care for C in the absence of dependency jurisdiction. *See id.* at 726-27 (concluding that it was inferable that the child remained at risk where safe placement with an aunt had been arranged by DHS, where the parent did not understand the risks the child faced in the parent's care, and where the aunt did not testify). Although C's paternal grandmother testified that she was prepared to care for C in the absence of dependency jurisdiction, and that she would not let mother or father take C before they had addressed the circumstances that endangered C, the juvenile court was not compelled to believe that paternal grandmother had the capacity to protect C, or that the family would follow through with that plan in the absence of dependency jurisdiction. Under those circumstances,

the juvenile court permissibly concluded that C remained endangered despite DHS's arrangement of a safe placement of C with her paternal aunt.

Affirmed.